EFILED IN OFFICE
CLERK OF SUPERIOR COURT
GILMER COUNTY, GEORGIA

**SUCV2022000453**

MBP
NOV 09, 2022 11:55 AM

*Amy E. Johnson*
Amy E. Johnson, Clerk
Gilmer County, Georgia

## IN THE SUPERIOR COURT OF GILMER COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| B.B.I. DESIGN, INC., | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| vs. | ) |
| | ) |
| GILMER COUNTY, GEORGIA, | )   CIVIL ACTION |
| et al., | )   FILE NO. SUCV2022000453 |
| | ) |
| **Defendants,** | ) |

## ANSWER OF DEFENDANTS TO PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INTERLOCUTORY INJUNCTION, DAMAGES, AND ATTORNEY'S FEES & EXPENSES

COME NOW Defendants named in the above action, and respectfully submit this Answer to the complaint ("complaint") filed by Plaintiff, subject to and without waiving any of the defenses stated below, and show this Honorable Court as follows, to-wit:

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted against Defendants. Thus, the complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's claims fail because Plaintiff failed to take advantage of available county and State legal procedures.

### THIRD DEFENSE

Defendants are not liable to Plaintiff because Plaintiff has not suffered any injuries or damages as a result of any action or inaction of Defendants.

1

## FOURTH DEFENSE

Defendants are not liable to Plaintiff because Defendants are not guilty of any willful misconduct or maliciousness.

## FIFTH DEFENSE

Defendants are not liable to Plaintiff because of the doctrines of immunity including, but not limited to, sovereign immunity, governmental immunity, official immunity, and qualified immunity.

## SIXTH DEFENSE

Defendants are not liable to Plaintiff because Defendants, at all times, were acting in accordance with proper authority, and Plaintiff has suffered no damages thereby.

## SEVENTH DEFENSE

Defendants are not liable to Plaintiff because Defendants did not breach any duty owed to Plaintiff.

## EIGHTH DEFENSE

Defendants are not liable to Plaintiff because any damages alleged to have been suffered by Plaintiff were directly and proximately caused by forces other than those over which Defendants had control.

## NINTH DEFENSE

Defendants are not liable to Plaintiff because Plaintiff's alleged damages, if any, were not proximately caused by a custom or policy of Defendants, and Defendants are thus without liability for any of the claims of Plaintiff.

## TENTH DEFENSE

Defendant Gilmer County cannot be held directly liable under § 1983 because it did not have a policy, custom, or practice that caused or contributed to Plaintiff's alleged damages.

## ELEVENTH DEFENSE

Any damages suffered by Plaintiff were not solely or proximately caused by the actions or inactions of Defendants.

## TWELFTH DEFENSE

Defendants are not liable to Plaintiff because any and all injuries alleged to have been sustained by Plaintiff are the result of Plaintiff's actions or inactions, or both, and not those of Defendants.

## THIRTEENTH DEFENSE

At all material times, Defendants Wlochowski and Smith were performing discretionary acts in good faith within the scope of their duties as employees of Gilmer County, and by reason thereof, said Defendants are immune from suit under the doctrine of good faith immunity and/or qualified immunity.

## FOURTEENTH DEFENSE

Any actions taken by Defendants were correct, made in good faith, reasonable and in accordance with the law.

## FIFTEENTH DEFENSE

Plaintiff's complaint fails to state a claim for which relief can be granted for state law constructive discharge, retaliatory discharge, sexually hostile work

3

environment, and retaliation because these are not viable claims under Georgia law.

## SIXTEENTH DEFENSE

Any allegedly defamatory statements made by Defendants were privileged.

## SEVENTEENTH DEFENSE

Plaintiff cannot recover for libel or slander against Defendants because Defendants did not act with actual malice toward Plaintiff.

## EIGHTEENTH DEFENSE

Defendant Gilmer County cannot be held vicariously liable in this action.

## NINETEENTH DEFENSE

Defendants incorporate all affirmative defenses contained in O.C.G.A. § 9-11-8(c) to the extent they are or become supported by the evidence.

## TWENTIETH DEFENSE

Answering the numbered paragraphs of Plaintiff's complaint, Defendants respond as follows:

## 1.

Defendants admit that Plaintiff purports to assert the causes of action listed in paragraph 1 of said complaint. Defendants deny that any of Plaintiff's claims have any merit or that Plaintiff is entitled to any relief in any manner. To the extent further response is required, said paragraph is denied.

## 2.

Defendants admit jurisdiction is proper in this Court.

4

**3.**

Defendants admit venue is proper in this Court.

**4.**

Defendants admit the allegations contained in paragraph 4 of said complaint.

**5.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of said complaint.

**6.**

Defendants admit the allegations contained in the first sentence contained in paragraph 6 of said complaint. Defendants admit Gilmer County may be served as provided for in O.C.G.A. § 9-11-4.

**7.**

Defendants admit the allegations contained in the first sentence contained in paragraph 7 of said complaint. Defendants admit Defendant Paris may be served as provided for in O.C.G.A. § 9-11-4.

**8.**

Defendants admit the allegations contained in the first sentence contained in paragraph 8 of said complaint. Defendants admit Defendant Parker may be served as provided for in O.C.G.A. § 9-11-4.

**9.**

Defendants admit the allegations contained in the first sentence contained in paragraph 9 of said complaint. Defendants admit Defendant Ferguson may be served

as provided for in O.C.G.A. § 9-11-4.

**10.**

Defendants admit the allegations contained in the first sentence contained in paragraph 10 of said complaint. Defendants admit Defendant Wlochowski may be served as provided for in O.C.G.A. § 9-11-4.

**11.**

Defendants admit the allegations contained in the first sentence contained in paragraph 11 of said complaint. Defendants admit Defendant Smith may be served as provided for in O.C.G.A. § 9-11-4.

**12.**

Defendants admit the County received what was purported to be an ante litem notice. Defendants aver that properly authenticated copies of Exhibits A and B will speak for themselves.

**13.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13 of said complaint. Defendants admit the remaining allegations contained in paragraph 13 of said complaint.

**14.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of said complaint.

**15.**

Defendants deny the allegations contained in paragraph 15 of said complaint.

**16.**

Defendants admit the allegations contained in paragraph 16 of said complaint.

**17.**

Defendants admit the allegations contained in the first sentence of paragraph 17 of said complaint. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of said complaint.

**18.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of said complaint.

**19.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of said complaint.

**20.**

Defendants deny the allegations contained in the first sentence of paragraph 20 of said complaint. Defendants admit the remaining allegations contained in paragraph 20 of said complaint.

**21.**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of the date Plaintiff received the Stop Work Order.

7

Defendants admit the remaining allegations contained in paragraph 21 of said complaint.

## 22.

Defendants admit the allegations contained in paragraph 22 of said complaint.

## 23.

Defendants admit the allegations contained in paragraph 23 of said complaint.

## 24.

Defendants deny the allegations contained in paragraph 24 of said complaint.

## 25.

Defendants admit the allegations contained in paragraph 25 of said complaint.

## 26.

Defendants deny the allegations contained in the last sentence of paragraph 26 of said complaint. Defendants deny that the referenced letter concerned Plaintiff's good faith efforts to remedy the violations of the County's Ordinance. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation of when Plaintiff received the referenced letter. Defendants admit the remaining allegations contained in paragraph 26 of said complaint.

## 27.

Defendants admit there were multiple telephone conferences and electronic communications between County officials and Plaintiff attempting to resolve the issue. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of said complaint.

**28.**

Defendants admit that a properly authenticated copy of *Gilmer County Code of Ordinances* § 70-36(d)(1) will speak for itself. To the extent further response is required, said paragraph is denied.

**29.**

Defendants admit the Stop Work Order remains in effect and the Notice of Violation remains unresolved. Defendants deny as alleged the remaining allegations contained in paragraph 29 of said complaint.

**30.**

Defendants restate and reallege the foregoing defenses and responses to paragraphs 1-29 of said complaint as if they were stated *verbatim*.

**31.**

Defendants admit that the Georgia Constitution was recently amended to waive sovereign immunity for actions seeking declaratory relief for actions allegedly outside the scope of the government's legal authority or in violation of the Georgia or United States Constitutions. To the extent further response is required, said paragraph is denied.

**32.**

Defendants admit the text of Article I, section II, paragraph V, of the Georgia Constitution speaks for itself, and of which this Court may take judicial notice.

**33.**

Defendants admit that Article I, section I, paragraph I, of the Georgia

9

Constitution speaks for itself, and of which this Court may take judicial notice.

**34.**

Defendants deny the allegations contained in paragraph 34 of said complaint.

**35.**

Defendants admit a Stop Work Order was issued to Plaintiff and that a Notice of Violation was issued to Plaintiff on February 18, 2022, with a compliance deadline of March 18, 2022. Defendants admit the Property remains out of compliance with the County's Ordinance. Defendants deny the remaining allegations contained in paragraph 35 of said complaint.

**36.**

Defendants admit that a properly authenticated copy of the Notice of Violation will speak for itself. To the extent further response is required, said paragraph is denied.

**37.**

Defendants deny the allegations contained in paragraph 37 of said complaint.

**38.**

Defendants deny the allegations contained in paragraph 38 of said complaint.

**39.**

Defendants deny the allegations contained in paragraph 39 of said complaint.

**40.**

Defendants deny the allegations contained in paragraph 40 of said complaint.

10

**41.**

Defendants restate and reallege the foregoing defenses and responses to paragraphs 1-29 of said complaint as if they were stated *verbatim*.

**42.**

No response is required to paragraph 42 because it states a legal conclusion. To the extent further response is required, said paragraph is denied.

**43.**

No response is required to paragraph 43 because it states a legal conclusion. To the extent further response is required, said paragraph is denied.

**44.**

No response is required to paragraph 44 because it states a legal conclusion. To the extent further response is required, said paragraph is denied.

**45.**

Defendants deny the allegations contained in paragraph 45 of said complaint.

**46.**

Defendants deny the allegations contained in paragraph 46 of said complaint.

**47.**

Defendants deny the allegations contained in paragraph 47 of said complaint.

**48.**

Defendants deny the allegations contained in paragraph 48 of said complaint.

**49.**

Defendants deny the allegations contained in paragraph 49 of said complaint.

**50.**

Defendants deny the allegations contained in paragraph 50 of said complaint.

**51.**

Defendants restate and reallege the foregoing defenses and responses to paragraphs 1-29 of said complaint as if they were stated *verbatim*.

**52.**

No response is required to paragraph 52 because it states a legal conclusion. To the extent further response is required, said paragraph is denied.

**53.**

No response is required to paragraph 53 because it states a legal conclusion. To the extent further response is required, said paragraph is denied.

**54.**

Defendants deny the allegations contained in paragraph 54 of said complaint because a county does not have an official capacity.

**55.**

Defendants admit Defendant Paris was acting under color of State law. Defendants deny the remaining allegations contained in paragraph 55 of said complaint.

**56.**

Defendants admit Defendant Parker was acting under color of State law. Defendants deny the remaining allegations contained in paragraph 56 of said complaint.

**57.**

Defendants admit Defendant Ferguson was acting under color of State law.

12

Defendants deny the remaining allegations contained in paragraph 57 of said complaint.

**58.**

Defendants admit Defendant Wlochowski was acting under color of State law. Defendants deny the remaining allegations contained in paragraph 58 of said complaint.

**59.**

Defendants admit Defendant Smith was acting under color of State law. Defendants deny the remaining allegations contained in paragraph 59 of said complaint.

**60.**

Defendants deny the allegations contained in paragraph 60 of said complaint.

**61.**

Defendants deny the allegations contained in paragraph 61 of said complaint.

**62.**

Defendants deny the allegations contained in paragraph 62 of said complaint.

**63.**

Defendants deny the allegations contained in paragraph 63 of said complaint.

**64.**

Defendants deny the allegations contained in paragraph 64 of said complaint.

**65.**

Defendants deny the allegations contained in paragraph 65 of said complaint.

**66.**

Defendants deny the allegations contained in paragraph 66 of said complaint.

**67.**

Defendants deny the allegations contained in paragraph 67 of said complaint.

**68.**

Defendants deny the allegations contained in paragraph 68 of said complaint.

**69.**

Defendants deny the allegations contained in paragraph 69 of said complaint.

**70.**

Defendants restate and reallege the foregoing defenses and responses to paragraphs 1-29 of said complaint as if they were stated *verbatim*.

**71.**

Defendants deny the allegations contained in paragraph 71 of said complaint.

**72.**

Defendants deny the allegations contained in paragraph 72 of said complaint.

**73.**

Defendants deny that Plaintiff is entitled to any relief.

**74.**

All other averments of the complaint, whether numbered or unnumbered, not previously admitted, denied, or otherwise controverted by Defendants in their Answer, are specifically denied.

WHEREFORE, having asserted their defenses to Plaintiff's claims and having

fully answered the allegations of Plaintiff's complaint, Defendants respectfully pray as follows, to-wit:

(A)     That Plaintiff's complaint be dismissed and that Plaintiff recover nothing;

(B)     That a jury be empaneled to try this matter and Defendants demand a jury trial;

(C)     That Defendants recover all of their attorneys' fees and expenses in defending this action;

(D)     That all costs be taxed against Plaintiff; and

(E)     That this Court grant Defendants such other and further relief as it deems just and appropriate.

RESPECTFULLY SUBMITTED,

WOMACK, RODHAM & RAY, P.C.

*/s/ Ronald R. Womack*
GEORGIA BAR NO. 773650

*/s/ Steven M. Rodha*m
GEORGIA BAR NO. 611404

P.O. BOX 549
LAFAYETTE, GEORGIA 30728
(706) 638-2234

ATTORNEYS FOR DEFENDANTS

15

## **VERIFICATION**

Personally appeared before the undersigned, an officer duly authorized by law to administer oaths, Charlie Paris, Chairman of the Gilmer County Board of Commissioners, who being duly sworn states under oath that the facts set forth in the foregoing Answer to the best of his knowledge are true and correct.

CHARLIE PARIS, CHAIRMAN,
GILMER COUNTY BOARD OF
COMMISSIONERS

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 9th DAY OF November , 2022.

NOTARY PUBLIC
MY COMMISSION EXPIRES:
4-14-24

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have on November 9, 2022, served all parties of record with the foregoing pleading via electronically filing the same with the Clerk of Court through PeachCourt, which will automatically send an e-mail notification of such filing to the following attorneys, court, and/or parties of record, as well as by statutory electronic service to the following:

> John F. Connolly, Esquire
> Douglas H. Flint, Esquire
> Jackson R. Nock, Esquire
>
> WOMACK, RODHAM & RAY, P.C.
>
> */s/ Steven M. Rodham*
> GEORGIA BAR NO. 611404

P. O. BOX 549
109 EAST PATTON AVENUE
LAFAYETTE, GEORGIA 30728
706/638-2234

> OF COUNSEL FOR DEFENDANTS

16